## Case No. 1,028.

### The BARNEY EATON.

### [1 Biss. 242.] [1]

District Court, D. Wisconsin. Oct. Term, 1858.

SALVAGE—WHO ENTITLED TO — PRIOR TO OTHER LIENS—MORTGAGEE MAY CLAIM SALVAGE.

1. Where the owners of a stranded vessel have abandoned all efforts to save her, and at their request a third party, at his own risk and expense, gets her off and repairs her, his claim is in the nature of salvage, and takes precedence of prior maritime liens.

2. The fact that the salvor held a mortgage upon the vessel not due, the mortgagors being the owners and in possession, does not deprive him of this preference. He cannot be considered in the light of an owner.

In admiralty. The libellant built this schooner and afterwards sold her to Peter Weber and Edwin Churchill, taking a chattel mortgage for the principal portion of the purchase money, leaving the mortgagors, the purchasers, in possession. They ran the vessel during the season of 1857; and in the month of November of that year, she was stranded on the Michigan shore of Lake Michigan. The owners failed in an effort to get her afloat, and so informed the libellant, who procured men and advanced funds in an effort to save her, and in the month of May following, he brought her to the port of Milwaukee. There she was repaired at his expense, with the consent of the owners, but soon afterwards libelled by several parties for debts contracted for supplies during the time Weber and Churchill were sailing her. This libel is subsequent to those libels, and a preference is claimed out of the proceeds of sale for the expenses and services incurred in getting the vessel afloat, and bringing her to Milwaukee, and for putting her in order for service. When she lay on the Michigan shore she was valueless, and she was so badly damaged as to require a thorough repair, both of the hull and rigging.

The owners, Weber and Churchill, make no defense. The other libellants object to the demand of this libellant, on the ground that being mortgagee, he was protecting and securing his own interest, by getting the vessel afloat and repairing her. And also that he by virtue of his mortgage is to be viewed in the light of an owner.

Emmons, Van Dyke & Hamilton, for libellant.

Butler, Buttrick & Cottrell, for respondents.

MILLER, District Judge. The questions are:

1st. Whether the nature of the demand is such as to give this libellant a preference.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. Whether the fact of the mortgage to him defeats his claiming a lien on the vessel.

The vessel was abandoned by the owners after they had failed in getting her afloat, and after they had exhausted their means in the effort. At their instance the libellant succeeded, after a large expenditure of money and labor. When she lay on the Michigan shore of the lake, in her broken and wrecked condition, she was probably not worth the demands of those prior libellants. At all events they did not attempt to make their money out of her by a sale, or make an effort to put her afloat by the expenditure of time, money, or labor. They lay by from November, 1857, to this time, without making one effort to collect their debts, either from the owners or the master, or out of the vessel, until she has been got ready for service and made of value by the means and labor of this libellant. Now after she is brought to an accessible port, and restored to value equal to their demand, without any effort or merits on their part, they attempt to have appropriated the proceeds of her sale to their own demands. The demand of this libellant is for services in the nature of salvage service, and is entitled to a preference.

At the time the vessel was stranded, the owners, Weber and Churchill, were in possession. The libellant's mortgage was not then payable. He did not enter upon the work on his own account, but after the owners had abandoned the vessel and applied to him to undertake it. The vessel while lying on shore a wreck was liable to the admiralty liens created and contracted for by the owners; which were paramount to the mortgage. As against them the mortgage was of no legal validity. Until the mortgagee was put into possession under his mortgage he had no control over the vessel, nor could he be considered in the light of an owner. Abb. Shipp. 45 et seq.

A passenger may lawfully, except under peculiar circumstances, depart the ship. Should he voluntarily remain on board, at the risk of his personal safety, to assist her in her distress, he may be entitled to remuneration for his services. Abbott, 560. And part of a crew of a vessel who remain on board after abandonment by the master and the rest of the crew, and under such circumstances that the abandonment was justifiable, are entitled to salvage compensation, if they perform valuable services. The passenger's personal safety required him to work to save the vessel; and the contract of a sailor excludes salvage compensation; but in extreme cases salvage compensation may be allowed both these descriptions of persons. Such, I apprehend, should the libellant's demand be considered. The vessel was actually abandoned by crew and owners, and not libelled in her wrecked and disabled condition by maritime creditors. The

libellant had no right or claim to possession, but at the instance of the owners he discharged the services propounded for in the libel. He procured men to get the vessel afloat. Those men could libel the vessel for their services. So could those whom he employed to tow the vessel into port. So could those who repaired her and restored her to value. Instead of all those persons filing libels, this libellant filed one in his own name, which is by no means objectionable.

I am of the opinion that, under the circumstances, this libellant should not be deprived of the admiralty process and jurisdiction in enforcing his demand against this vessel. And I further think that equity and justice should postpone those libellants, who attached this vessel for debts contracted, while she was sailed by Weber and Churchill, her owners. The libellant should be considered entitled to recover for services as a salvor.

Decree accordingly.

NOTE. [from original report.] For cases on salvage and the measure of compensation, see Bee, 139, 170, 175, 178, 193, 201, 226, [Schultz v. The Nancy, Case No. 12,493; Stephens v. Bales of Cotton, Id. 13,366; Deliessline v. The Friendship, Id. 13,807; British Consul v. Twenty-Two Pipes, etc., Id. 1,900; Cross v. The Bellona, Id. 3,428; Bass v. Five Negroes. Id. 1,093; Jerby v. One Hundred and Ninety-Four Slaves, Id. 7,288;] 2 Bouv. Law Dict. 494; 2 Pars. Shipp. & Adm. 260–321. [See, also, Baker v. The Slobodna, 35 Fed. 537, and cases there cited.]